UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY INSURANCE COMPANY, | No. 2:21-cv-0791 KJM DB |
| Plaintiff, | ORDER |
| v. | |
| ROSS ISLAND SAND & GRAVEL CO., | |
| Defendant. | |

  This matter came before the undersigned on May 27, 2022, for hearing of defendant's motion to compel pursuant to Local Rule 302(c)(1). (ECF No. 30.) Attorney Michael Cummins appeared via Zoom on behalf of plaintiff. Attorney Michael Brown appeared via Zoom on behalf of defendant. (ECF No. 37.)

  At the May 27, 2022 hearing the undersigned expressed concern about the burden imposed on plaintiff by defendant's broadly worded discovery requests. See generally Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006) ("a request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information."). In this regard, plaintiff submitted evidence in support of the assertion that complying with

////

defendant's discovery requests as worded "would involve the review of more than 25,000 files" and require "more than 25,000 hours of employee time to complete it." (JS (ECF No. 31) at 16.)

In response to the undersigned's concerns defense counsel argued that the defendant had narrowed its requests so that only 670 files were now at issue. As pointed out by plaintiff's counsel at the May 27, 2022 hearing, however, that is not the thrust of defendant's motion. The parties' Joint Statement re Discovery Disagreement only makes a vague and conclusory reference to some narrowing of the discovery requests. (JS (ECF No. 31) at 13-14.) And the only mention of these "670 files at issue" as a result of narrowing is found in a single sentence in plaintiff's portion of the Joint Statement. (Id. at 22.)

In this regard, while defendant may be entitled to some items of the discovery requested through more narrowly tailored requests, defendant has not sufficiently briefed that argument. Instead, the parties' briefing is largely concerned with the discovery requests as drafted. And as drafted those requests appear to be overbroad and unduly burdensome, a finding supported by plaintiff's evidence. At the May 27, 2022 hearing the parties seemed to confirm that additional meet and confer efforts might yield narrower requests and—possibly—discovery that could be produced. The undersigned encourages the parties to engage in further meet and confer efforts in an attempt to resolve this dispute.

## CONCLUSION

For the reasons stated above and at the May 27, 2022 hearing, IT IS HEREBY ORDERED that defendant's May 2, 2022 motion to compel (ECF No. 30) is denied.

Dated: May 27, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/starr0791.oah.052722